[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 09-11962

————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 2, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-14276-CV-DLG

ANTONIA FLORES HERNANDEZ,

Plaintiff-Appellant,

versus

ST. LUCIE COUNTY SHERIFF KEN J. MASCARA,
as an individual and in his official capacity as
Sheriff of St. Lucie County,
SHAWN MASTERS,
St. Lucie County Deputy Sheriff, individually,

Defendants-Appellees.

————————

Appeal from the United States District Court
for the Southern District of Florida

————————

(March 2, 2010)

Before DUBINA, Chief Judge, KRAVITCH, Circuit Judge, and EDENFIELD,[*] District Judge.

PER CURIAM:

This is an appeal in a §1983 excessive force case brought by Appellant Antonia Flores Hernandez against Appellee Shawn Masters, a Deputy Sheriff in St. Lucie County, Florida, in his individual capacity. After a jury found in Deputy Masters's favor, Hernandez appealed, arguing that Eleventh Circuit Pattern Jury Instruction 2.2, which the district court used in instructing the jury on her excessive force claim pursuant to the Fourth Amendment, no longer accurately reflects the law, after the Supreme Court's decision in *Graham v. Connor*, 490 U.S. 386, 109 S. Ct. 1865 (1989).

We review jury instructions *de novo* to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party. *Palmer v. Bd. of Regents of the Univ. Sys. of Georgia*, 208 F.3d 969, 973 (11th Cir. 2000).

Appellant Hernandez argues that the district court erred in using Eleventh Circuit Pattern Jury Instruction 2.2 because it has been superceded by the Supreme Court's holding in *Graham v. Connor*, 490 U.S. at 397, 109 S. Ct. at 1872. In *Graham*, the district court had granted summary judgment to the defendant, on the

[*]Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

ground that the police officers had not acted maliciously or sadistically for the purpose of causing harm, and the Fourth Circuit affirmed. *Id.* at 390-91, 109 S. Ct. at 1869. The Supreme Court reversed, holding that a §1983 claim for excessive force should be analyzed under the Fourth Amendment's "objective reasonableness" standard, rather than under a substantive due process standard. *Id.* at 393-94, 109 S. Ct. at 1870-71. The Court stated that the "reasonableness" of a particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20-20 vision of hindsight." *Id.* at 396, 109 S. Ct. at 1872. The Court held that the subjective intent or motivation of an officer does not affect the existence of a Fourth Amendment violation. *Id.* at 397, 109 S. Ct. at 1872 (explaining that "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional"). In reaching this conclusion, the Court rejected the fourth part of a four-part test that many courts of appeal, including this court, had used in analyzing excessive force claims. That part was the consideration of whether the officer acted in good faith as opposed to maliciously or sadistically. *See id.*

Thus Hernandez's argument is that Instruction 2.2 still reflects the law as it was before *Graham v. Connor* – that to find for the plaintiff the jury must find that

3

the defendant subjectively intended to violate the plaintiff's constitutional rights. She contends that under the district court's instructions to the jury, the jury could have believed Hernandez's version of the events that transpired, and yet ruled for Deputy Masters on the ground that he was not shown to have subjectively intended to violate her Fourth Amendment rights.

When we review Instruction 2.2 as a whole, along with the jury verdict form, we cannot conclude that the district court's instruction did not properly express the law applicable to this case. Nowhere in the instruction is the jury explicitly advised that Hernandez had to prove a subjective component of Deputy Masters's intentions, such as malice. Indeed, the word "subjective" is not in the instruction. Instead, the great weight of the instruction focuses on the mere requirement that Masters had to use force by means intentionally applied, instead of as the result of an accident. Specifically, the jury was instructed that it must decide what force a "reasonable and prudent law enforcement officer would have applied in detaining the plaintiff under the circumstances disclosed in this case," which accords with the Supreme Court's holding in *Graham* that a "reasonableness" standard applies. 490 U.S. at 397, 109 S. Ct. at 1872. Because

we conclude that Instruction 2.2, viewed in its entirety,[1] is not in conflict with the

Supreme Court's holding in *Graham v. Conner*, we affirm the judgment entered on

the jury's verdict.

**AFFIRMED.**

---

[1]We must consider the jury instructions as a whole. *Palmer*, 208 F.3d at 973. No reversible error occurs as long as the instructions accurately state the law, "even if an isolated clause may be inaccurate, ambiguous, incomplete, or otherwise subject to criticism." *Watkins v. Bowden*, 105 F.3d 1344, 1356 (11th Cir. 1997). We conclude that Instruction 2.2, viewed in its entirety, did not mislead the jury in this case. However, as counsel for Deputy Masters noted during oral argument, the Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit could improve upon several isolated clauses in Instruction 2.2 so that the instruction more clearly reflects the holding in *Graham v. Connor*. For instance, the Committee could add the phrase "without regard to the officer's underlying intent or motivation" to the end of the following instruction: "You must decide whether the force used in detaining the plaintiff was excessive or unreasonable on the basis of that degree of force, that a reasonable and prudent law enforcement officer would have applied in detaining the plaintiff under the circumstances disclosed in this case." Additionally, the Committee could modify the instances where the jury is instructed that it must find that the defendant "intentionally deprived" the plaintiff of her constitutional rights and "intentionally violated" the plaintiff's constitutional rights, so that the jury is instructed that it must find that the defendant "intentionally committed acts that violated" the plaintiff's constitutional rights.